UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Criminal Case No. 18-cr-00389-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.    ANDREW SANCHEZ,

    Defendant.

───────────────────────────────────────────

**ANDREW SANCHEZ'S MOTION TO SEVER HIS TRIAL FROM THAT OF HIS CO-DEFENDANTS PURSUANT TO THE UNITED STATES CONSTITUTION AND FEDERAL RULES OF CRIMINAL PROCEDURE 8(b) and 14**

───────────────────────────────────────────

Mr. Sanchez asks the Court to sever his trial from that of his co-defendants, Carmen Sanchez, Anthony Sanchez, Jeremyah Gonzalez, and Sara Sanchez, pursuant to his rights under the United States Constitution and Federal Rules of Criminal Procedure (F.R.Cr.P.) 8(b) and 14.

**F.R.Cr.P. 8(b)**

1.    The Sanchezes (for readability in this motion, each Sanchez family member will be referred to by his or her first name) and Mr. Gonzalez were charged with crimes related to an alleged conspiracy to commit fraud and misuse student loan funds. They have been jointly indicted pursuant to F.R.Cr.P. 8(b), which allows joinder if two or more defendants "are alleged to have participated in the same act or transaction, or in

the same series of acts or transactions constituting an offense or offenses."

2.  The indictment in this case (Doc #1) does not allege that Andrew Sanchez, who is only charged in Count 8, participated in the mail fraud, identity theft, and student loan fraud charged in Counts 1-7 and 9-10.

3.  The indictment does not state facts showing that the allegations against Andrew are the "same act(s) or transaction(s)" as those alleged against the remaining defendants, with the exception of the actions of Carmen alleged in Count 8. Andrew is accused only of using his student-loan debit card to pay for a surgical procedure for his mother, which he admitted to federal agents. There is no allegation that Andrew advised anyone to apply for student loans or that he applied for loans in anyone else's name. The discovery includes a chart (INV 18, attached to this motion) listing the other co-defendants as "ring members" or "additional members," but not Andrew.

## F.R.Cr.P. 14 AND *ZAFIRO*

4.  Under F.R.Cr.P. 14(a), the Court may sever defendants' trials if joinder "appears to prejudice a defendant or the government. . . ." *Zafiro v. United States*, 506 U.S. 534 (1993) requires severance if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Id.* at 539.  *See also United States v. Pursley,* 577 F.3d 1204, 1215 (10th Cir. 2009); *United States v. Wardell,* 581 F.3d 1272, 1293 (10th Cir. 2009).

5.  In this case, trying Andrew Sanchez along with his co-defendants would **both** compromise a number of his specific trial rights and prevent the jury from reliably

judging guilt and innocence.

### Specific Trial Rights—Confrontation and Cross-Examination; Reliable Judgment on the Merits

6. The Supreme Court warned of the prejudice to a defendant when evidence which would not ordinarily be admissible against him at trial is admitted against an unsevered co-defendant. *Zafiro,* 506 U.S. at 539. *See also Wardell,* 581 F.3d at 1294; *Notes of Advisory Committee on 1966 amendments*.

7. Of particular concern to the Courts and to the Advisory Committee has been the admission of statements made by a co-defendant which would not have been admitted against the defendant were he to be tried alone. The admission of these statements implicates the defendant's constitutional right to confront and cross-examine the witnesses against him, particularly if the co-defendant does not testify. *Bruton v. United States*, 391 U.S. 123, 126, 137 (1968).

8. Jeremyah Gonzalez told federal agents that he had used the personal identifying information of three people who had worked at the same company he did to apply for fraudulent loans, and that he got his girlfriend Sara Sanchez to fax their student loan applications for him. This has no relevance to the charges against Andrew, and would not ordinarily be admissible in Andrew's trial. However, if these statements are admitted in a joint trial, there is a heightened risk of prejudice to Andrew because of the "markedly different degrees of culpability" between him and Mr. Gonzalez. *See Zafiro,* 506 U.S. at 539.

9. Over 1800 pages of discovery is available so far; Andrew figures in less

than 100 of those pages. The vast majority of the government's evidence relates to the mail fraud and identity theft charges pending against the other co-defendants.

### Specific Trial Rights—Right to Present a Defense

10. Andrew's defense would include evidence strongly antagonistic to his co-defendants, beyond the usual finger-pointing.

11. Not only would Andrew, in order to defend himself, be obligated to distance himself from his co-defendants and deny any knowledge of their activity (including his own mother, Carmen), but he would actively point out the felonious and fraudulent criminal histories of Jeremyah Gonzalez and Anthony, in contrast to his own clean record, to exculpate himself. He would also be required to cast aspersions on Mr. Gonzalez's admitted use of the names "Joseph Pena" and "Joseph Sanchez."

12. If Andrew's trial was severed from theirs, the government would not ordinarily be allowed to admit such evidence against Jeremyah Gonzalez and Anthony, but Andrew has the right to present a defense pursuant to the Due Process clause of the United States Constitution. *Chambers v. Mississippi*, 410 U.S. 285 (1973); *United States v. Rivas-Macias,* 537 F.3d 1271, 1277 (10th Cir. 2008) ("[A] defendant's right to present a defense is . . . a keystone of our legal system.").

### Specific Trial Rights—Right to a Fair Trial

13. Counsel believes that Andrew's co-defendants will present antagonistic defenses to his, and may in effect act as "second prosecutors," reiterating and arguing evidence which may be inculpatory to Andrew and denying his right to a fair trial. *See United States v. Mayfield*, 189 F.3d 895, 899-900 (9th Cir.1999).

Andrew Sanchez thus asks the Court to sever his trial from that of his co-defendants pursuant to his rights under the United States Constitution to a fair trial and due process, and to the Federal Rules of Criminal Procedure.

December 4, 2018

Respectfully submitted,

By:   *s/ Mary Claire Mulligan*

Mary Claire Mulligan
Mulligan & Mulligan, PLLC
89 Gold Trail
Boulder, Colorado  80302
Telephone:  303-898-0381
E-mail:  mcmulligan@me.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the other parties in this case.

By:   *s/ Mary Claire Mulligan*
Mary Claire Mulligan
89 Gold Trail
Boulder, Colorado  80302
Telephone:  303-898-0381
E-mail: mcmulligan@me.com