IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00389-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. ANDREW SANCHEZ,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Daniel E. Burrows, Special Assistant U.S. Attorney for the District of Colorado, and Defendant Andrew Sanchez, personally and by counsel, Mary Claire Mulligan, submit the following plea agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

1. *Defendant Andrew Sanchez's Obligations*

Defendant Andrew Sanchez agrees to plead guilty to an Information to be filed in conjunction with this plea agreement, charging a single misdemeanor violation of 20 U.S.C. § 1097(a) (2012), student loan fraud. He also agrees not to object to the filing of that charge beyond the period of limitations and waives any right he may have, now or in the future, to challenge the timeliness of that charge.

Defendant Andrew Sanchez also agrees that his sentencing request will include a fine of at least $1000.

Defendant Andrew Sanchez also agrees that, at least fourteen days prior to



COURT EXHIBIT 1

sentencing, he will pay $612 in restitution to the U.S. Department of Education and $188 to the Community College of Denver (CCD).

Defendant Andrew Sanchez also agrees to the entry of a restitution order in the following amounts, which, after the payments just mentioned, will be the remaining outstanding loss to each victim as a result of his crime and relevant conduct:

- $4307 to the U.S. Department of Education and
- $1365.75 to the CCD.

Such restitution shall be solely the responsibility of Defendant Andrew Sanchez, and such responsibility shall exist independent of any restitution order which may exist (now or in the future) with regard to any of his co-defendants in this case.[1]

Defendant Andrew Sanchez also agrees that, if he is sentenced to a term of probation, he will not make any motion or request, whether under 18 U.S.C. § 3564(c) (2012) or otherwise, to terminate his probation early. Nor will he make any request to modify any condition of probation that would have the effect of altering, in a way that is favorable to him, a condition to which he has agreed in Part I.3 below.

Finally, Defendant Andrew Sanchez agrees to waive his appellate rights, as detailed below.

2. *The Government's Obligations*

The United States agrees, under Fed. R. Crim. P. 11(c)(1)(A), that, at sentencing, it will move to dismiss with prejudice Count 8 of the Indictment, as it applies to Defendant Andrew Sanchez.

The United States also agrees, under Fed. R. Crim. P. 11(c)(1)(B), that its

---

[1] The purpose of this provision is for Defendant Andrew Sanchez to avoid joint and several liability. The parties have, as part of this plea agreement, attempted to parcel out Defendant Andrew Sanchez's individual responsibility.

sentencing request will not include a fine greater than $2000.

3. *Joint Obligations*

The parties jointly agree, under Rule 11(c)(1)(B), to request that Defendant Andrew Sanchez be sentenced to three years of probation with at least the following special conditions:

- that he perform twenty-five hours of community service within the first year of his probation,
- that he make restitution to his victims as agreed above, and
- that he neither apply for nor accept any federally funded student aid during the period of his probation.

Each party shall remain free to request additional conditions of probation authorized by 18 U.S.C. § 3563 (2012).

4. *Defendant Andrew Sanchez's Waiver of Appeal*

Defendant Andrew Sanchez is aware that 18 U.S.C. § 3742 (2012) affords him the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, Defendant Andrew Sanchez knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 8, or (3) the government appeals the sentence imposed. If any of these three criteria apply, Defendant Andrew Sanchez may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Defendant Andrew Sanchez also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including,

but not limited to, a motion brought under 28 U.S.C. § 2255 (2012)). This waiver provision does not prevent Defendant Andrew Sanchez from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) he should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute, (2) he was deprived of the effective assistance of counsel, or (3) he was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

(1) Defendant Andrew Sanchez misapplied certain funds;
(2) such funds were provided to him under Subchapter IV of Ch. 28, Title 20, United States Code (i.e., the federal student aid program);
(3) he acted knowingly and willfully.

*See* § 1097(a).

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of § 1097(a) is, as charged here: not more than one year's imprisonment; not more than a $5000 fine, or both; not more than one year of supervised release; a $25 special assessment fee; and restitution in the amount of $5672.75 (as apportioned above).

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

While understanding that he is pleading to a misdemeanor, Defendant Andrew Sanchez recognizes that his conviction may cause collateral consequences.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that Defendant Andrew Sanchez will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553 (2012), additional facts may be included below that are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and that are relevant to the Court's guideline computations, to other § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is in 2013.

The parties agree as follows:

Defendant Andrew Sanchez applied for federally funded student aid to attend the CCD for the 2013–14 academic year. Ultimately, he was approved for aid, and $15,047 was disbursed in his name. (The parties stipulate that this is the correct loss amount for guideline calculation purposes.[2])

The process for disbursing federal financial aid was as follows: the Department of

---

[2] The difference between this amount and the stipulated restitution amount is the result of the "return to Title IV" process whereby the school returns a portion of disbursed aid to the Department of Education for students who drop out, withdraw, or fail to attend a sufficient number of class sessions.

Education would disburse funds directly to the college where a particular student who was awarded aid was enrolled. Once the money was received, the college would apply the funds to tuition, fees, and any other outstanding charges on the student's account. Any money remaining was then "refunded" to the student. This process resulted in $8081.35 ultimately landing in Defendant Andrew Sanchez's pocket.

Although in applying for aid Defendant Andrew Sanchez certified that he would use any funds he received solely for expenses related to attendance or continued attendance at an institution of higher education, he did not make a good-faith effort to pursue an education at the CCD. In the fall 2013 semester, the school administratively dropped Defendant Andrew Sanchez from all of his classes because of non-attendance. In the spring 2014 semester, he was administratively dropped from two courses and failed the other two in which he'd enrolled (after not attending either course after March 18, 2014).

Defendant Andrew Sanchez spent the aid money he received on various needs and wants unrelated to education, including gambling in Central City/Blackhawk, Colorado, and a family trip to California and Nevada. Among the misuses of his aid money was the specific misuse on October 15, 2013, charged in the Information ($45.64 spent at an animal hospital in Thornton, Colorado).

Although not pleading guilty to Count 8 of the Indictment, Defendant Andrew Sanchez nonetheless admits the underlying facts of the allegation. His mother, Defendant Carmen Sanchez, was, like him, fraudulently receiving student aid funds. In February 2014, Defendant Andrew Sanchez agreed with her to spend some of the aid money they had received on cosmetic surgery for Carmen. That same month, they misapplied $6450 in student aid money for this purpose. Defendant Andrew Sanchez contributed $2000 from his student aid award to the surgery.

VI. ADVISORY GUIDELINE COMPUTATION AND § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the U.S. Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the U.S. Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters that are in dispute.

A. The base guideline is U.S. Sentencing Guidelines Manual § 2B1.1 (U.S. Sentencing Comm'n 2018), with a base offense level of 6.

B. The intended loss (more than $15,000 but less than $40,000) adds four more levels. *Id.* § 2B1.1(b)(1).

C. There are no victim-related, role-in-offense, obstruction or multiple-count adjustments.

D. The adjusted offense level therefore would be 10.

E. The parties agree that a two-level decrease for acceptance of responsibility would be appropriate under *id.* § 3E1.1(a) so long as Defendant does nothing inconsistent with accepting responsibility between pleading guilty and sentencing. The resulting offense level therefore would be 8.

F. The parties understand that Defendant's criminal history computation is tentative. The criminal history category will be determined by the Court based on Defendant's prior convictions. Based on information currently available to the parties, it is estimated that Defendant's criminal history category would be Category I.

G. The career offender, criminal livelihood, and armed career criminal adjustments would not apply.

H. The advisory guideline range resulting from these calculations is zero to six months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from zero months (bottom of Category I) to twenty-four months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximum applicable to the count of conviction (i.e., twelve months).

I. Pursuant to *id.* § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $1000 to $10,000,[3] plus applicable interest and penalties.

J. Pursuant to *id.* § 5D1.2, if the Court imposes a term of supervised release, that term is not more than one year.

K. *Id.* § 5E1.1 requires that the Court impose a term of probation or supervised release with a condition requiring restitution for the full amount of the victims' losses. The parties have stipulated that, at the time of sentencing (presuming Defendant Andrew Sanchez makes the early payments contemplated in this agreement) those numbers are $4307 to the U.S. Department of Education and $1365.75 to the CCD.

The parties understand that although the Court will consider their estimate, the Court must make its own determination of the guideline range. In doing so, the Court is

---

[3] The fine table from the 2014 edition of the guidelines is used for offenses, like the one here, "committed prior to November 1, 2015." U.S. Sentencing Guidelines Manual § 5E1.2(h)(1).

not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other § 3553 factors, so long as such request is consistent with the parties' obligations in Part I.

The parties understand that the Court is free, upon consideration and proper application of all § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form) within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor Defendant Andrew Sanchez has relied or is relying on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 3/11/19

_____
Andrew Sanchez
Defendant

Date: 3/11/19

_____
Mary Claire Mulligan
Attorney for Defendant

Date: 3/11/19

_____
Daniel E. Burrows
Special Assistant U.S. Attorney